IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALEKSANDR YUFA,

        Plaintiff,

   v.

HACH ULTRA ANALYTICS et al.,

        Defendants.

Civ. No. 1:09-cv-3022-PA

**ORDER**

**PANNER**, District Judge:

    This matter comes before the Court on Defendants' Motion for Summary Judgment of Noninfringement Based on Issue Preclusion (#90). Defendants' Motion is GRANTED.

### Background

    Plaintiff is an inventor. Among his patents are U.S. Patent Nos. 6,346,983 (the '983 patent) and 6,034,769 (the '769 patent).

1 - ORDER

The '983 patent covers "[a]n improved method and apparatus for particle counting and measuring." Similarly, the '769 patent covers "a device for counting and measuring particles."

Defendants are manufacturers of, among other products, particle counters. Plaintiff believes that a number of products manufactured by Defendants violate his patents and, in 2009, he initiated this action.

## I. Particle Counters

Particle counters are used to measure the number and size of microscopic particles in air or liquid. Briefly, particle counters work by passing the gas or liquid to be analyzed through a chamber. A light is shone through the chamber and into a light detector. A sensor within the light detector measures the amount of light blocked or reflected. The sensor converts the amount of light received into an electrical signal which is then amplified. The amplified signal is fed into electrical circuitry which processes the signal and determines the number and size of particles detected.

## II. The Lockheed Case

Plaintiff has also filed a number of related cases against other defendants. One of the related cases was <u>Yufa v. Lockheed Martin Corp.</u>, CV 06-03923 BRO, (C.D. Cal. Dec. 23, 2013) ("the Lockheed Case").

Plaintiff's allegations in the Lockheed Case closely resemble those raised here:

After reviewing Lockheed's website, Plaintiff became convinced

2 - ORDER

that some of Lockheed's products infringed his '983 and '769 patents. Plaintiff contacted Lockheed, informed them of his allegations and offered to sell or license the patents. Lockheed declined, explaining that they believed their products did not use the technology claimed in Plaintiff's patents. Plaintiff then filed a complaint against Lockheed.

Lockheed initiated a reexamination of Plaintiff's patents in the U.S. Patent and Trademark Office. During the reexamination process, Plaintiff's patents were amended. Claims 2 and 3 of the '769 patent were cancelled and claims 1, 4, 5, and 6 were amended. As to the '983 patent, claims 1-5 were cancelled and claims 6, 7, and 8 were amended. One common amendment to both patents was the addition of the words "without using a reference voltage."

Following the reexamination, Lockheed moved for summary judgment. The motion was briefed and the court heard oral argument. On December 23, 2013, the Lockheed Court issued an opinion and order granting summary judgment of noninfringement on all the claims and patents at issue ("the Lockheed Decision.")[1].

### III. The Lockheed Decision

In its Order granting summary judgment, the Lockheed Court noted two similar terms in all of the claims at issue: 1) the term "converting each amplified signal to a digital signal form pulse

---

[1] The District Court of the Northern District of California has also granted summary judgment in another of Plaintiff's related cases, Yufa v. TSI, Inc., CV 09-01315-KAW, 2014 WL 2120023 (N.D. Cal. May 21, 2014). The TSI ruling is in accord with the Lockheed Decision, but because it was issued after briefing and oral argument in this case, I restrict my discussion to the Lockheed Case.

3 - ORDER

*without using a reference voltage* to convert each said amplified signal" in claims 1, and 4-6 of the '769 patent; and 2) the terms "an analog-digital form pulse duration conversion means, providing conversion of each of said voltage value signals to digital form pulse *without using a reference voltage* to convert each of said voltage value signals" in claims 6-8 of the '983 patent. <u>Lockheed Martin Corp</u>, CV 06-03923 BRO, at 7-8 (emphasis added).

The Lockheed Court determined that "the Patents-in-Suit require[] a system that converts a light detector's amplified output to a digital signal *without* comparing the light detector's amplified output to a predetermined reference voltage." <u>Id.</u> at 7. The Lockheed Court then went through the particle counters used in connection with the challenged products and determined that each "uses a reference voltage to convert analog particle signals into digital pulses, and therefore do no embody a limitation of the 769 and 983 Patents." <u>Id.</u> at 11. Accordingly, the court determined that Lockheed had met its burden and granted summary judgment of non-infringement. <u>Id.</u> at 16.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether or not a fact is material is determined by the substantive law on the issue. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). There is a genuine dispute if the evidence is such that a reasonable jury would return

4 - ORDER

a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material facts should be resolved against the moving party; and (2) all inferences must be drawn in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630-31.

## Discussion

Plaintiff alleges that the following Hach products violate his patents: the MET ONE R4500 series, R4803, R4805, R4815, R4903, R4905, R4915, the 7000 series, the HIAC PM4000, 8000A, 9705, the HLRD series, and the MicroCount 05. Defendants move for summary judgment on the basis of issue preclusion on Plaintiff's patent infringement claims. Defendants also move for summary judgment on Plaintiff's claim for emotional distress.

### I. Patent Infringement Claims

#### A. The HLRD Series and the MicroCount 05

As a preliminary matter, the evidence shows that the accused HLRD series and MicroCount 05 are optical sensors meant to be used in conjunction with the HIAC 8000A particle counter and are not themselves particle counters. As both the '983 and '769 patents are for particle counting devices, the HLRD series and the MicroCount 05 could not have violated Plaintiff's patents.

5 - ORDER

Accordingly, Defendants' Motion for Summary Judgment is GRANTED with regard to the HLRD Series and the MicroCount 05.

### B. MET ONE R4805

The MET ONE R4805 particle counter, which is made and sold by Defendants, was one of the accused products in the Lockheed Case. The Lockheed Court expressly held that the MET ONE R4805 did not infringe either the '769 or the '983 patent. Accordingly, Defendants' Motion for Summary Judgment is GRANTED with regard to the MET ONE R4805.

### C. All Other Accused Products

Plaintiff has accused the following other products of violating either the '769 or '983 patent: the MET ONE R4500 series, R4803, R4815, R4903, R4905, R4915, the 7000 series, the HIAC PM4000, 8000A, and 9705. Defendants contend that each of the accused products is covered by the preclusive effect of the Lockheed Decision.

The doctrine of issue preclusion, also known as collateral estoppel, "precludes relitigation in a second suit of issues actually litigated and determined in the first suit". In Re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994).

Issue preclusion is an appropriate basis for summary judgment in patent cases. Molinaro v. Fannon/Courier Corp., 745 F.2d 651, 655 (Fed. Cir. 1984). Issue preclusion requires that 1) the issue is identical to the one decided in the first action; 2) the issue was actually litigated in the first action; 3) resolution of the issue was essential to a final judgment in the first action; and 4)

6 - ORDER

the plaintiff had a full and fair opportunity to litigate the issue in the first action. Laguna Hermosa Corp. v. United States, 671 F.3d 1284, 1288 (Fed. Cir. 2012)(quoting In Re Freeman, 30 F.3d at 1465). Issue preclusion also applies when there has been a prior court decision on the "scope" of the claim language. Molinaro, 745 F.3d at 655.

### 1. Identical Issues

Issue preclusion does not require that the issues be absolutely identical, but rather that "a close identity exists between the relevant features of the accused device" and the device involved in the previous action. Yingbin-Nature (Guangdong) Wood Indus. Co., Ltd. v. Int'l Trade Comm'n, 535 F.3d 1322, 1333 (Fed. Cir. 2008).

The Lockheed Court determined that the '769 and '983 patents require a system that converts a light detector's amplified output to a digital signal *without* comparing the light detector's amplified output to a predetermined reference voltage. The Lockheed Court determined that each of the challenged particle counters made the conversion *with* a reference voltage, rather than without as required by the claims. Accordingly, the Lockheed Court granted summary judgment.

The present case involves one of the same products, the MET ONE R4805, which was found to be noninfringing in the Lockheed Case. As in the Lockheed case, the evidence shows that each of the other challenged particle counters makes the conversion from analog to digital signals *with* rather than *without* the use of a reference

7 - ORDER

voltage. Plaintiff disputes the evidence, but provides only conclusory allegations and bare assertions in support of his arguments.

Accordingly, I find that the issue in this case is identical, or nearly identical, to the issue previously decided by the Lockheed Court.

### 2. Actually Litigated

The second element required for the application of issue preclusion is that the claim was actually litigated. The Lockheed Court issued a detailed opinion in which it determined the meaning of the claim language. The Lockheed Court explicitly determined that the comparison of a particle signal to a reference voltage was not within the scope of the claims.

### 3. Essential to Final Judgment

The third element of issue preclusion requires that the resolution of the issue was essential to a final judgment in the prior case. In order for a previously decided claim interpretation issue to have preclusive effect, "the interpretation of the claim had to be the reason for the loss in the prior case on the issue of infringement." In Re Freeman, 30 F.3d at 1466 (internal quotation marks omitted).

The Lockheed Court ruled on the scope of the claim language and held that a critical feature of that claim language was absent from the accused products. The Lockheed Court's determination of the scope of the '769 and '983 patents was absolutely essential to its final judgement.

8 - ORDER

Plaintiff argues that the Lockheed Decision is not final because he has filed a timely appeal. It is well settled, however, that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding. See e.g., Parmacia & Upjohn Co. Myland Pharm., Inc., 170 F.3d 1373, 1381 (Fed. Cir. 1999).

### 4. Full and Fair Opportunity to Litigate

"There is no requirement that the parties be the same in both instances; preclusion may be invoked in a case involving the same plaintiff and either a party or a non-party to the first action." In Re Freeman, 30 F.3d at 1467. Relitigation is warranted "if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in the prior litigation." Id.

Both the present case and the Lockheed Case share a plaintiff. The Lockheed Decision carefully addressed each of Plaintiff's arguments. I find no reason to doubt the quality, extensiveness, or fairness of the procedures followed by the Lockheed Court.

Defendants have satisfied each of the elements of issue preclusion. Although Plaintiff has filed a voluminous Response and Sur-Reply, he has provided nothing more than conclusory allegations and unsupported assertions. Upon careful review of the record and exhibits, I conclude that there is no genuine issue of material fact remaining in the case. Defendants' Motion for Summary Judgment is GRANTED.

## II. Intentional Infliction of Emotional Distress

In order to prevail on a claim for intentional infliction of

9 - ORDER

emotional distress under Oregon law[2], the plaintiff must show that 1) the defendant intended to inflict severe emotional distress on the plaintiff; 2) the defendant's acts were the cause of the plaintiff's distress; and 3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenraus, 321 Or. 532, 543 (1995).

Plaintiff concedes that his claim for intentional infliction of emotional distress relies entirely upon his claims for patent infringement. As I have determined that Defendants are entitled to summary judgment on the patent claims, I conclude they are similarly entitled to summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

Furthermore, Plaintiff's claim fails as a matter of law. In order to withstand a motion for summary judgment on a claim for intentional infliction of emotional distress, a plaintiff must offer some evidence that demonstrates that the defendant's conduct "constitutes an extraordinary transgression of the bounds of socially tolerable conduct." Phillips v. Lincoln Cnty. Sch. Dist., 161 Or. App. 429, 435 (1999)(internal quotation marks omitted). Such conduct must be "outrageous in the extreme." Rockhill v. Pollard, 259 Or. 54, 60 (1971). Defendants' alleged infringement of Plaintiff's patent simply does not rise to the level of being "outrageous in the extreme," or "an extraordinary transgression of the bounds of socially tolerable conduct."

---

[2] Plaintiff argues that Oregon law should not apply, but puts forward no clear reason why it should not, nor does he suggest another applicable law.

10- ORDER

## Conclusion

Defendants' Motion for Summary Judgment (#90) is GRANTED. Judgment is for Defendants.

IT IS SO ORDERED.

DATED this **30** day of May, 2014.

*/s/ Owen M. Panner*

OWEN M. PANNER

U.S. DISTRICT JUDGE

11 - ORDER