IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALEKSANDR YUFA,

        Plaintiff,

v.

HACH ULTRA ANALYTICS et al.,

        Defendants.

Civ. No. 1:09-cv-3022-PA

**ORDER**

---

**PANNER**, District Judge:

    This matter comes before the Court on Defendants' motion to dismiss their counterclaims and enter a final judgment (#108). Defendants' motion is GRANTED.

### Legal Standard

    Fed. R. Civ. P. 41(a)(2) provides, in relevant part, that:

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before

1 – ORDER

> being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under the paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2), "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . . ." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

"In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Id.; see also Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). "Plain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." Hamilton, 679 F.2d at 145.

The provisions of Rule 41(a)(2) are applicable to defendants seeking dismissal of their counterclaims against plaintiffs. Fed. R. Civ. P. 41(c).

### Background

On May 30, 2014, this Court entered an Order granting summary judgment in favor of Defendants (#105) on Plaintiff's claims. That Order did not dispose of Defendants' counterclaims. On June 23, 2014, Plaintiff filed a notice of appeal to the Federal Circuit (#107). Defendants have moved the court to dismiss their counterclaims pursuant to Fed. R. Civ. P. 41.

2 - ORDER

### Discussion

In order to assure itself of jurisdiction, the Federal Circuit requires "diligent compliance . . . with the rule of finality." Pause Technology, LLC v. TIVO, Inc., 401 F.3d 1290, 1293 (Fed. Cir. 2005). A judgment which does not dispose of pending counterclaims is not a final judgment. Id. However, a premature notice of appeal can ripen upon subsequent dismissal of counterclaims by the District Court. E-Pass Technologies, Inc. v. 3Com Corp., 343 F.3d 1364, 1367 (Fed. Cir. 2003).

In this case, Plaintiff has filed an appeal of this Court's Order granting summary judgment. Without some resolution of the counterclaims by this Court, the Federal Circuit will likely not rule on the merits of the appeal. See Pause Technology, 401 F.3d at 1293. In the interests of efficiency, Defendants seek a voluntary dismissal of their counterclaims against Plaintiff. As Plaintiff is the party seeking appeal, it does not appear that he will suffer any plain legal prejudice, but will rather be permitted to proceed with his appeal on the merits. Accordingly, Defendants' motion to dismiss the counterclaims is GRANTED.

### Conclusion

Defendants' motion to dismiss the counterclaims is GRANTED. The counterclaims are DISMISSED without prejudice.

IT IS SO ORDERED.
DATED this 7 day of July, 2014.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3  - ORDER